**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED

SEP 1 9 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

|  |  |
|---|---|
| MARK DOWNEY,              ) | |
|            ) | |
|     Plaintiff,      ) | |
|            ) | |
|     v.          ) | Civil Action No.  19-2309 (UNA) |
|            ) | |
| UNITED STATES OF AMERICA, *et al.*,  ) | |
|            ) | |
|     Defendants.    ) | |

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, purports to bring this action under the False Claims Act
("FCA"), and has moved to proceed *in forma pauperis* ("IFP").  The FCA, *see* 31 U.S.C. §§
3729-3732, "is an anti-fraud statute that prohibits the knowing submission of false or fraudulent
claims to the federal government."  *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342
F.3d 634, 640 (6th Cir. 2003).  The FCA authorizes a private individual, as a relator, "to bring [a
qui tam] action in the Government's name, and to recover a portion of the proceeds of the action,
subject to the requirements of the statute."  *U.S. ex rel. Batiste v. SLM Corp.*, 659 F.3d 1204,
1206 (D.C. Cir. 2011) (citations omitted).

In federal courts such as this, plaintiffs "may plead and conduct their own cases
personally or by counsel[.]"  28 U.S.C. § 1654.  The United States is "the real party in interest"
in a *qui tam* action, *Cobb v. California*, No. 15-cv-176, 2015 WL 512896, at *1 (D.D.C. Feb. 4,
2015), and a *pro se* party may not pursue a claim on behalf of the United States, *see Jones v.
Jindal*, 409 F. App'x 356 (D.C. Cir. 2011) (per curiam) (affirming dismissal of *qui tam*

complaint "because a pro se plaintiff may not file a *qui tam* action pursuant to the False Claims Act[.]"); *Walker v. Nationstar Mortg. LLC*, 142 F. Supp. 3d 63, 65-66 (D.D.C. 2015).

The plaintiff clearly intends to raise legal claims in addition to a claim under the FCA. The Court finds it difficult to determine what cognizable claims they might be, given the complaint's length and rambling nature. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). This complaint falls far short of Rule 8(a)'s minimal pleading standard, such that defendant could not be expected to prepare a responsive answer, prepare an adequate defense, and determine whether the doctrine of *res judicata* applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The Court will grant plaintiff's IFP motion and dismiss the complaint without prejudice. A separate Order accompanies this Memorandum Opinion.

United States District Judge

Date:  September  18 , 2019